I find myself unable to agree with my colleagues that the exception of prescription or peremption should be sustained.
Plaintiff and his fellow worker, Migaud, testified that plaintiff's injury occurred whilst a large stove was being delivered to Broussard's Restaurant on Wednesday, July 11, 1945. Both stated that Pittman rested alongside the building for about forty-five minutes, after which he drove the truck back to the Dixie Stove Works, leaving Migaud to finish the job at the restaurant. Pittman says he reported the accident to Mr. Moustier (defendant's husband) and then went home and remained in bed with an ice pack on his abdomen until Monday, July 16, 1945, when he returned to work. During the day of the 16th, Pittman called at the office of Dr. Salatich and was examined by the physician. Mrs. Pittman testified that her husband returned home from his work on July *Page 613 
11, 1945, "and said he had got hurt," and that he remained at home until July 16.
Dr. Salatich verified plaintiff's visit to his office on July 16, and that he examined plaintiff and found that he had a traumatic left inguinal hernia of recent date. Miss Stella Crillet, a nurse employed by Dr. Salatich, testified that the office records establish the said visit of plaintiff, and that the record was written by her from Dr. Salatich's dictation at the time of the examination of plaintiff. A photostatic copy of the office report is in the record, and shows the personal history of plaintiff and the physician's diagnosis.
The only evidence produced by defendant in her effort to show that an accident did not occur on the alleged date is composed of certain social security time books, a cash book, and copies of two invoices, all of which were written by Mr. Moustier, who acted as bookkeeper of the Dixie Stove Works, and who, at the time of the trial, was ill and could not testify. The only proof establishing the verity of the Dixie Stove Works' records is the testimony of Mrs. Moustier, who says that her husband made them during the course of business.
The majority opinion states: "If we accept this social security time book as evidence of the fact that plaintiff worked on the date in question, July 11th, then it would have been most improbable that plaintiff sustained the injury, * * *."
The books and invoices stand alone, and I am not willing to say that they should prevail over the testimony of plaintiff and his three witnesses. Defendant relied upon the plea of prescription, and carried the burden of making good that plea. While I believe the admission of the documents into evidence was proper, especially under the relaxed rules of evidence obtaining in compensation cases, whatever probative value they have while standing alone is insufficient to overcome the testimony of the four witnesses. To my mind, the documents would have been useful, not to establish the defense of prescription, but to corroborate such other evidence as defendant may have produced.
Defendant could have produced other and available evidence. Mr. Broussard was summoned as a witness by defendant's counsel, and was present in the lower court when the case was tried. He was not placed on the witness stand, and the reason for not utilizing his testimony is unexplained. Mr. Broussard held the key to the whole situation. He most certainly could have testified whether a stove was delivered to his place on July 11; and whether a stove was delivered on that date is a salient point in the case. It is well established that a litigant's failure to produce a witness raises the presumption that had the witness testified, his testimony would have been unfavorable to the litigant. Under the circumstances of the instant case, I believe that a strong inference should be drawn from the failure to have Mr. Broussard testify, particularly in view of the fact that defendant had summoned him and he was present in court. I cannot agree that it was plaintiff's duty to have placed the witness on the stand when defendant failed to do so.
The trial court gave written reasons for judgment. He believed plaintiff and his witnesses. The judge had the opportunity of hearing and seeing them, and was in the better position to evaluate their sincerity and veracity. I cannot accept the bare recitals of the books and invoices and say that the judge erred in accepting the testimony of the witnesses. There is testimony in the record regarding penciled dates on two of plaintiff's pay envelopes, but I do not attach much importance thereto. Perhaps the dates are right, and the books are wrong — at least the books have never been shown to be correct.
My humble opinion is that the plea of prescription should have been overruled, and the case determined on its merits.
I respectfully dissent. *Page 614